# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMANDA MILBOURN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-2096-CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On July 24, 2017, movant pled guilty to conspiracy to distribute and possession with intent to distribute in excess of 50 grams of actual methamphetamine. On November 17, 2017, the Court sentenced movant to imprisonment for a term of two hundred and sixteen (216) months. Movant did not appeal. However, on September 5, 2018, the Court entered an amended judgment reducing movant's sentence to one hundred and forty-four (144) months.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Rule 3(d) of the Rules Governing § 2255 Proceedings for the United States District Courts sets out the prison 'mailbox rule:'

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. … Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

## Discussion

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment entered on November 8, 2017, became final fourteen days later on November 22, 2017. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on November 22, 2018.[1]

Here, movant asserts that she placed the instant motion in the prison mail system on November 15, 2018, but that it was returned to her "due to lack of stamps on the envelope." ECF No. 1 at 10. It was not until movant re-mailed the instant motion with the prison mail system on December 8, 2018, that it was eventually received and filed with the Court. *Id.* at 12. Under Rule 3(d) as stated above, timely filing requires a showing that "first-class postage has been prepaid."

---

[1] The Court notes that a modification of a sentence under Rule 35 does not extend the time for filing a motion under § 2255. *See Byers v. U.S.*, 561 F.3d 832, 835 (8th Cir. 2009).

In this case, movant admits that she put insufficient postage on the November 15, 2018, mailing. By the time she re-mailed the motion with sufficient postage, the one-year period under § 2255 appears to have expired. *See Daniels v. U.S.*, 809 F.3d 588, 590 (11th Cir. 2015) (holding Rule 3(d) is not satisfied and the § 2255 motion is time-barred when a prisoner's declaration states the date of mailing but not that first-class postage was prepaid.)

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **twenty-one (21) days** from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, her § 2255 motion will be dismissed without further proceedings.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2019.