UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA MILBOURN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 4:18 CV 2096 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Amanda Milbourn seeks to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Pursuant to a written plea agreement, Milbourn pled guilty to conspiracy to possess and with the intent to distribute more than 50 grams of actual methamphetamine. On November 17, 2017, I sentenced her to a total term of 216 months imprisonment, to run concurrently with sentences imposed by three cases in the Circuit Court of the City of St. Louis, Missouri. [Doc. # 1651 in Criminal Case No. 4:16CR426 CDP]. On September 5, 2018, I amended Milbourn's sentence to a term of 144 months, to run concurrently with sentences imposed by three cases in the Circuit Court of the City of St. Louis, Missouri. [Doc. # 2274 in Criminal Case No. 4:16CR426 CDP]. Milbourn did not appeal. She then filed a §

2255 motion, alleging the following two grounds for relief:[1]

1) Ineffective assistance of counsel because her attorney failed to get her federal and state sentences to run concurrently; and

2) Ineffective assistance of counsel for failing to object to her being sentenced for actual methamphetamine rather than for a mixture of methamphetamine.

I will deny Milbourn's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Milbourn has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The

---

[1] Although Milbourn makes a passing reference to her attorney's alleged ineffectiveness when explaining her failure to appeal, she does not state a claim of ineffective assistance of counsel for failing to file an appeal as a ground for relief. Milbourn does not claim that she ever instructed her attorney to file an appeal or that her attorney failed to discuss her appeal rights with her, an allegation that would be conclusively refuted by the record in this case which includes her signed admission that she was "fully informed of [her] right to appeal the final judgment in this case" and that she did not wish to file a notice of appeal and instructed her attorney not to file an appeal. [Doc. # 1658 in Case No. 4:16CR426 CDP].

record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Milbourn Did Not Receive Ineffective Assistance of Counsel

Milbourn brings two claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Milbourn must prove two elements of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Milbourn "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs.

*Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Milbourn did not receive ineffective assistance from her attorney.

In her first ground for relief, Milbourn alleges that her attorney was constitutionally ineffective for failing to get her federal and state sentences to run concurrently. This claim is summarily denied as Milbourn's original sentence of 216 months was ordered to run **concurrently** with sentences imposed in three cases in the Circuit Court of the City of St. Louis, Missouri. [Doc. # 1651 in Criminal Case No. 4:16CR426 CDP]. In addition, Milbourn's amended sentence of 144 months, imposed on September 5, 2018, was also ordered to run **concurrently** with the sentences imposed in her state cases. [Doc. # 2274 in Criminal Case No. 4:16CR426 CDP]. Ground 1 of Milbourn's § 2255 motion is denied.

In her second ground for relief, Milbourn alleges that her attorney was ineffective for failing to object to her being charged with and/or sentenced under the guidelines applicable to "actual methamphetamine" instead of the guidelines applicable to a "mixture or substance containing methamphetamine." This claim is summarily denied as Milbourn admitted that she was "accountable for more than 4.5 kilograms of **actual methamphetamine**." (emphasis supplied) [Doc. # 1153 at 10 in Case No. 4:16CR426 CDP]. To the extent Milbourn is attempting to argue that I should use the mixture guidelines in cases involving actual

methamphetamine, I do not find the argument persuasive, especially in this case where I first sentenced Milbourn well below the guidelines range of 292 to 365 months and then later amended her sentence to a term of 144 months, which amounts to a sentence of less than half of the bottom end of the applicable guidelines range. As counsel cannot be ineffective for failing to make this meritless argument as a matter of law, Ground 2 of Milbourn's § 2255 motion is denied. *See Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

## C. I Will Not Issue a Certificate of Appealability

As Milbourn has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Amanda Milbourn's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Milbourn has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2019.